IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,870






EX PARTE SHAWN SIDDIQUE ABBASI, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-11-904090-A IN THE 147TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in a bench trial of
attempted sexual assault and sentenced to six years' imprisonment. 

 Applicant contends that he was denied the right to appeal because neither trial counsel nor
appellate counsel timely filed a notice of appeal. Appellate counsel was not appointed until the last
day for filing notice of appeal.

 The trial court has determined that although Applicant expressed his desire to appeal, neither
trial counsel nor appellate counsel filed a timely notice of appeal or requested an extension of time
to file notice of appeal. 

 We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. D-1-DC-11-904090-A from the 147th District Court of Travis
County. Applicant is ordered returned to that time at which he may give a written notice of appeal
so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the
issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an
attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence
had been imposed on the date on which the mandate of this Court issues. We hold that, should
Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of
appeal in the trial court within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: September 12, 2012

Do not publish